374 So.2d 705 (1979)
Mike BROYLES
v.
Henry C. YARBROUGH et al.
No. 12711.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
Rehearing Denied September 27, 1979.
*706 Woodrow W. Wyatt, Stephen M. Irving, Baton Rouge, for plaintiff-appellant Mike Broyles.
R. Michael Caldwell, Arthur H. Andrews, and Robert W. Scheffy, Jr., Baton Rouge, for defendants-appellees Henry C. Yarbrough d/b/a Three Way Parking Lot.
Before ELLIS, LOTTINGER and LEAR, JJ.
LOTTINGER, Judge.
This is an action ex delicto by Mike Broyles, an off duty policeman, against Henry C. Yarbrough, doing business as the Three Way Parking Lot, and Elgin Davis, for injuries suffered while assisting in making an arrest.
The trial judge found in favor of the defendants, and plaintiff has appealed.
On February 11, 1976 the plaintiff and his then fiancee, Barbara Broyles, were having coffee at a downtown Baton Rouge store when a radio call was received requesting assistance in the arrest of an alleged shoplifter. Plaintiff and Barbara went to the aid of Deputy Joseph Samaha, who was struggling with a large black woman. The woman was subdued in approximately two minutes.
The fracas occurred on the Three Way Parking Lot which is owned by Mr. Henry Yarbrough. Elgin Davis, an employee of the lot, seeing the three white police officers struggling with a woman of his race began screaming and yelling at the officers to get off the property and to leave the woman alone. Mr. Yarbrough was on the premises at the time and did nothing to halt or discourage the actions of Mr. Davis.
Mike Broyles was off duty at the time and was not dressed in his uniform. He did not identify himself to Davis as a police officer, but he did order him not to interfere. Davis came in close proximity to Officer Broyles, possibly causing an actual touching of their bodies. The trial judge concluded that the actions of the defendant-Davis were primarily yelling at the officers.
Following the handcuffing of the alleged shoplifter, Mike Broyles turned to place the defendant under arrest. It was at the point of turning that the plaintiff experienced a sharp pain in his lower back and right leg.
Broyles was later examined by an orthopedic surgeon and underwent hospitalization and surgery for herniated discs at L-4/L-5. He is now considered to have a 25% physical impairment and is receiving workmen's compensation.
In his written reasons for judgment the trial judge concluded that defendant-Davis was acting within the course and scope of his employment, and thus his employer, *707 Yarbrough, could be vicariously liable. The trial judge however concluded that the injury suffered by plaintiff was not a foreseeable result of the actions of Davis, thus judgment was rendered in favor of both defendants.
Plaintiff asserts that the trial court (1) was manifestly erroneous in its findings of fact, (2) erroneously applied a foreseeability test, and (3) improperly applied the duty risk analysis to the facts of this case.

ERROR NO. 1
Under Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and Canter v. Koehring Company, 283 So.2d 716 (La.1973) this court must find that there is manifest error in the findings of fact by the trial court before there can be a reversal.
Though the degree of interference by defendant-Davis is subject to different interpretations, after thoroughly examining the record, we are convinced that there is a reasonable factual basis for the findings of the trial court, and that the record establishes that the findings are not clearly wrong.

ERRORS NOS. 2 & 3
In arguing that the trial court misapplied the foreseeability test, plaintiff argues that foreseeability is not a requirement in an assault and battery. Thus, plaintiff contends that in addition to interfering with an officer in making an arrest, defendant-Davis committed an assault and battery.
We disagree that an assault and battery was committed. The record is unclear as to whether Davis ever touched the plaintiff, thus no battery. Additionally, we cannot agree an assault was committed. There was no showing of the requisite intent on the part of defendant-Davis.
In concluding that the defendant-Davis was not liable for the injuries to the plaintiff as a result of his interference with the arrest, the trial judge found that the injuries were not "foreseeable" as a result of the interference. Plaintiff contends that this is an improper application of the duty risk analysis to the facts of this case.
The modern analytical approach used by Louisiana courts in determining whether a defendant is liable for a particular injury suffered by the plaintiff is the duty-risk method. Callais v. Allstate Insurance Company, 334 So.2d 692 (La.1976); Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976); Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
After determining that there is a causal relationship between the alleged act of negligence and the resulting injury, the following inquiries must be made: (1) what duty, if any, was owed by defendant to plaintiff; (2) was this duty breached; and (3) was the risk or harm caused within the scope of protection of the duty breached. Shelton v. Aetna Casualty & Surety Company, supra.
Suffice it to say, we find that there is a duty not to interfere with a police officer while he is attempting to make an arrest, and that Davis did breach this duty.
Both La.R.S. 14:108 and Baton Rouge City Code Title IV, § 53 make interference with a lawful arrest a criminal offense. As the Supreme Court said in Laird v. Travelers Insurance Company, supra, "`Criminal statutes are not, in and of themselves, definitive of civil liability' and do not set the rule for civil liability; but they may be guidelines for the court in fixing civil liability."
We have reached the conclusion, however, that the risk of a police officer injuring his back in arresting an interferer is not within the scope of the protection of the duty not to interfere with an arrest.
Certainly a plethora of factual situations can be visualized wherein a police officer could suffer injury because of interference during an arrest. However, we are *708 of the opinion that the paramount reason for the duty not to interfere with an arrest is because of the inherent risk of injury by the arrestee to the arresting officer while momentarily distracted by the interference.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.