533 So.2d 390 (1988)
Michael C. BEAUCHAMP
v.
ECKERD'S DRUGS OF LOUISIANA, INC.
No. 88-CA-0084.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Writ Denied January 6, 1989.
Leonard O. Parker, Jr., New Orleans, for plaintiff-appellant.
William H. Syll, Jr., Law Offices of James J. Morse, New Orleans, for defendant-appellee.
Before GULOTTA, C.J., and GARRISON and PLOTKIN, JJ.
GARRISON, Judge.
The case at hand, involves a defamation suit brought by Michael C. Beauchamp, plaintiff, against Eckerd's Drugs of Louisiana, Inc., defendant with a principal place of business in Orleans Parish. The district *391 court granted a directed verdict in defendant's favor and the plaintiff has appealed.
In April of 1983, defendant became aware of an inventory discrepancy at the Eckerd's drug store on Terry Parkway which indicated that $150,000 of inventory was missing from the store. As a result, defendant conducted an extensive three month investigation, including interviews and polygraphs of employees, which yielded inconclusive results as to the cause or source of the missing products. Due to its inability to discover the source of its loss, defendant decided to terminate the employment of all five managers at the above store, of which plaintiff was one. These managers had all been responsible for the inventory in question in some fashion and the given reason for the termination of their employment was failure to protect company assets.
Upon losing his job, plaintiff filed a claim for unemployment compensation for which he was determined to be eligible. Defendant appealed this decision; however, the appeals referee found the evidence insufficient to warrant denial of benefits. Subsequent to the aforementioned hearing, plaintiff unsuccessfully attempted to secure employment with several institutions and corporations.
Plaintiff filed suit on November 29, 1984 alleging that defendant was liable to him due to defamatory statements made at the aforementioned unemployment hearing.
Defendant denied liability in its answer on the grounds of prescription or, in the alternative, that it acted at all times in good faith and without malice. Further, in jury charges submitted by the defendant seven months prior to trial, defendant raised the affirmative defense of privilege. Upon plaintiff resting his case, defendant motioned for directed verdict on the grounds that it made no defamatory statements, or alternatively, that such statements, if ordinarily defamatory, were protected as privileged communications in this instance.
In order to maintain an action for defamation, the plaintiff must show: (1) defamatory words; (2) publication; (3) falsity; (4) malice, either actual or implied; (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980). The trial court granted the defendant's motion for directed verdict on the grounds that it could not find malice on the part of the defendant.
Plaintiff has now appealed and contends that the trial court erred in granting defendant's motion for directed verdict and in its alleged determination of prescription.
The plaintiff suggests that the trial court erred in granting the directed verdict as the affirmative defense of qualified privilege was not raised by the defendant in its answer and that defendant's statements were clearly defamatory per se, thus relieving the plaintiff of the burden of proving the elements of malice and falsity.
Statements which accuse a person of criminal conduct are defamatory per se. Cangelosi v. Schwegmann Brothers Giant Super Markets, supra. All testimony at trial indicated that the only statements ever made by Eckerd's were to the effect that plaintiff was not a prudent manager and was fired, along with all other managers at this store, for failure to protect company assets. At no time was there any indication that plaintiff was accused of theft or any other crime by defendant. Not one witness claimed that defendant had called plaintiff a thief or accused him of stealing the inventory in question. Nor was the investigation, including the questioning of plaintiff, an imputed accusation of crime. Cangelosi v. Schwegmann Brothers Giant Super Markets, supra. Thus the trial court was not erroneous in failing to find that defendant's statements were defamatory per se. As such, plaintiff was obliged to show both falsity and malice on the part of defendant. He has failed to meet this burden. It is this court's opinion that a reasonable and fairminded man could not find otherwise.
Furthermore, even if the aforementioned statements constituted defamatory language on the part of defendant, the statements in question would fall in the category of qualified business privilege. *392 Plaintiff contends that utilization of this defense by defendant is incorrect as it was not pled in defendant's answer and no evidence of such privilege was presented.
Louisiana Code of Civil Procedure, article 1005 requires that affirmative defenses be alleged in the answer. The purpose of this article is to give the plaintiff notice of a defense which would defeat his cause of action. As such, the courts have allowed the defendant to raise an affirmative defense where the notice purpose of Art. 1005 has been met. Trahan v. Ritterman, 368 So 2d 181 (La.App. 1st Cir.1979).
In Trahan v. Ritterman, supra, the court allowed an affirmative defense at trial where the defense had been raised at a pre-trial conference. In the case at hand, defendant had raised the affirmative defense of privilege in jury charges seven months prior to trial. Thus, plaintiff received the requisite notice of such defense.
Under Boyd v. Community Center Credit Corporation, 359 So.2d 1048 (La. App. 4th Cir.1978), public policy dictates that statements made before the Department of Employment Security to determine an employee's eligibility for unemployment compensation are privileged where made in good faith, are relevant to the subject matter and made to one with legitimate interest in the particular subject matter.
In the instant case it seems clear that the statements made by Eckerd's to persons at the Department of Employment Security were certainly relevant to the determination of unemployment compensation and made to persons with a legitimate interest therein. The testimony at trial concerning the defendant's extensive investigation as to the lost inventory provides the required element of good faith.
Finally, we address plaintiff's contention that the trial court erred in allegedly granting defendant's exception of prescription. This allegation is without merit. The trial record reflects that the court did not rule on the defense exception of prescription. Such determination is unnecessary as plaintiff has failed to show the required elements of defamation.
For the above reasons, the trial court's much discretion will not be disturbed and its judgment is affirmed.
AFFIRMED