JzSCHOTT, Chief Judge.
This is a tort action which the trial court dismissed on a motion for summary judgment. Plaintiff has appealed claiming there are genuine issues of material fact which preclude a summary judgment. We affirm.
On September 18, 1994, at approximately 11:00 a.m., plaintiff, an NOPD officer, responded to a complaint of a trespass and possible burglary at the apartment complex owned by defendant. During his search of the premises, the manager showed him into a utility room where he thought the suspect might be hiding. The utility room was approximately five feet by five feet and contained pipes and supplies. The room extended vertically to the roof and a ladder was cemented to the wall leading to the roof.
Plaintiff left the utility room door open and climbed the ladder. The only light in the room was from the open door. As he climbed up it got darker so he started descending. As he did so, he stepped on the top of a board that was next to the ladder, instead of stepping on the rung, so he lost his footing, and fell.
Plaintiff filed suit for damages alleging defendant’s negligence in allowing a dangerous condition to exist on the premises. Defendant -contends that the ladder did not constitute an unreasonable risk of harm to the plaintiff under the ^particular facts of the case and that defendant did not owe a duty to protect plaintiff from this kind of harm.
Summary judgment shall be granted where there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. There are no material facts in dispute. The record contains photographs of the utility room. The following facts were established at plaintiffs own deposition.
1. Plaintiff was a NOPD officer who was injured while in pursuit of a criminal suspect;
2. The accident occurred in the middle of the day;
3. The ladder and board were approximately five feet in front of plaintiff when he opened the door to the utility room;
*1182 4. Plaintiff did not look for a light in the utility room because “there was no time”;
5. There was enough light to have seen the board, but plaintiff was directing his attention upwards to where he believed the suspect was hiding;
6. Plaintiff was injured while descending the ladder because he placed his weight on the board instead of the ladder rung, and
7. Plaintiff did not see the board because he was concentrating on finding the suspect.
Plaintiff argues that defendant breached a duty to keep the utility room safe from unreasonable hazards because it was a place of public access. Plaintiff bases his argument on plaintiffs description of the ladder as a “basic fire hazard safety ladder.” Other than that description, no evidence was presented to indicate that the utility room was open to the public. In fact, the pictures of the utility room clearly indicate that the room was not and could not be used for public access.
14Plaintiff was acting in his capacity as a NOPD officer at the time of the injury. As such, he must be considered as a professional rescuer. The professional rescuers rule, recognized in some recent Louisiana cases, essentially states that a professional rescuer, such as a fireman or a policeman, who is injured in the performance of his duties, “assumes the risk” of such an injury and is not entitled to damages. “Dependent” risks arise from the very emergency that the professional rescuer was hired to remedy. The assumption rationale bars recovery from most dependent risks except when (1) the dependent risks encountered by the professional rescuers are so extraordinary that it cannot be said that the parties intended the rescuers to assume them, and (2) the conduct of the defendant may be so blameworthy that tort recovery should be imposed for the purposes of punishment or deterrence. Worley v. Winston, 550 So.2d 694 (La.App. 2nd Cir. 1989), writ den. 551 So.2d 1342 (La. 1989). Thompson v. Warehouse Corp., 337 So.2d 572 (La.App. 4 Cir.1976).
As a police officer, plaintiffs duty was to protect citizens from criminals. As part of his job, he pursues suspects. His accident here was entirely due to his own carelessness. But even if his fall was somehow the result of the emergency he was involved in because of his job, defendant cannot be liable under the professional rescuer rule. Thus, plaintiff is not entitled to a judgment against the defendant.
The existence of a duty is a question of law, and thus, may be resolved on summary judgment. Robinson v. Yousuf, 95-1476 (La.App. 4 Cir. 1/19/96), 668 So.2d 436, writ den. 96-0430 (La 3/29/96), 670 So.2d 1232. There is no error in the trial court’s finding that defendant did not owe a duty to protect plaintiff from inadvertently stepping on the board by the ladder as he was chasing a criminal suspect in this dark, cluttered, closet-sized utility room |5that was not intended for use by the general public.
The judgment of the trial court is affirmed.

AFFIRMED.