759 So.2d 309 (2000)
Donnie HOLLOWAY, et ux., Plaintiffs-Appellants,
v.
MIDLAND RISK INSURANCE COMPANY, et al., Defendants-Appellees.
No. 33,026-CA.
Court of Appeal of Louisiana, Second Circuit.
May 15, 2000.
*311 Street & Street by D. Randolph Street, Monroe, Counsel for Appellants.
George M. Snelling, IV, Monroe, Counsel for Intervenor Appellee, Ouachita Parish Police Jury.
Richie & Richie by Byron A. Richie, Paul D. Oberle, Jr., Shreveport, Counsel for Appellees, Midland Risk Ins. Co. and Tywonia R. Wilson.
Charles G. Tutt, Shreveport, Thomas A. Bordelon, Natchitoches, Counsel for Appellees, Holmatro, Inc. and Holmatro Industrial and Rescue Equipment.
Charles S. Smith, Monroe, Counsel for Appellee, State Farm Ins. Co.
Before BROWN, STEWART and KOSTELKA, JJ.
STEWART, J.
In this action for personal injuries and damages, plaintiffs-appellants, Donnie and Nancy Holloway, sued the defendants-appellees, Tywonia Roschelle Wilson; Midland Risk Insurance Company, Ms. Wilson's insurer; State Farm Mutual Automobile Insurance Company, plaintiff's uninsured motorist carrier; and the manufacturers of the rescue tools and hoses, the Holmatro defendants. The Holloways seek to recover damages that Donnie Holloway, a firefighter, sustained while attempting to rescue Ms. Wilson from her wrecked vehicle. State Farm asserted a cross-claim in its capacity as the UM carrier of Donnie Holloway. Ms. Wilson and Midland Risk filed an exception of no cause of action, contending the "professional rescuer doctrine" and/or an intervening and superseding cause prevent appellants from stating a cause of action. Following arguments, the trial court granted the exception. Furthermore, State Farm filed a motion for summary judgment contending that Donnie Holloway was not injured arising *312 out of the use of an uninsured or under insured motor vehicle. The trial court granted the motion for summary judgment, dismissing appellants' claims against State Farm with prejudice, and filed written reasons. Plaintiffs-appellants herein appeal. We affirm.

FACTS/PROCEDURAL HISTORY
On September 18, 1997 in Sterlington, Ouachita Parish, Louisiana, Tywonia Roschelle Wilson was operating a 1993 Chevrolet truck insured by the defendant, Midland Risk, when she fell asleep at the wheel, lost control of her vehicle, and struck a tree. When emergency workers arrived at the scene and found that Ms. Wilson could not be manually removed from the vehicle, Donnie Holloway, of the Ouachita Parish Fire Department, attempted to remove Ms. Wilson by using extrication equipment. While using a 40-inch extrication ram, Donnie Holloway was injured when an allegedly defective high-pressure hose on the device ruptured, allowing the hydraulic fluid to escape. Donnie and Nancy Holloway brought suit seeking to recover damages for the injuries he suffered. They allege that Ms. Wilson and her liability insurer, Midland Risk, are liable for their damages. The Holloways also sued the manufacturer of the extrication ram claiming that the instrument was defectively designed.

DISCUSSION

Peremptory Exception: No Cause of Action
By their first assignment of error, the appellants allege that the trial court erred in granting the exception of no cause of action filed by Midland Risk Insurance Company and Tywonia Roschelle Wilson. Appellants argue that Ms. Wilson was grossly negligent or willful, wanton, and reckless in falling asleep behind the wheel and causing a single-car accident that prompted the need for rescue services. Moreover, appellants point out that the trial court erred in finding that the injuries sustained by Donnie Holloway were not within the scope of any duty he owed to Ms. Wilson. According to the appellants, an "ease of association" did exist between Ms. Wilson's conduct and the injuries that Donnie Holloway sustained.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. Jarrell v. Carter, 577 So.2d 120 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991).
The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. La. C.C.P. arts. 927, 931; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
A court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court's decision is generally based only on the sufficiency of the petition. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. Jarrell, supra.
Generally, under La. C.C.P. art. 931 parties may introduce no evidence to support or controvert the exception. See Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1st Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982.
*313 An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. New Orleans v. Board of Comm'rs of Orleans Levee District, 93-C-0690 (La.7/5/94), 640 So.2d 237, rehearing denied. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-C-1170 (La.3/2/99), 739 So.2d 748.
In determining whether there is a duty-risk relationship, the proper inquiry is how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced. Goodrich v. Caterpillar, Inc., 30,762 (La.App. 2nd Cir. 8/19/98), 717 So.2d 1235; Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Roberts v. Benoit, 605 So.2d 1032 (La. 1991). Restated, the ease of association inquiry is simply: "How easily does one associate the plaintiff's complained-of harm with the defendant's conduct? ... Although ease of association encompasses the idea of foreseeability, it is not based on foreseeability alone." Roberts v. Benoit, supra. Absent an ease of association between the duty breached and the damages sustained, legal fault is lacking. Roberts v. Benoit, supra.
Essentially, the "fireman's rule" states that a professional rescuer injured in the performance of his professional duties "assumes the risk" of such injury and is not entitled to damages. Worley v. Winston, 550 So.2d 694, 696 (La.App. 2d Cir.1989), writ denied, 551 So.2d 1342 (La.1989). However, firemen, police officers, and others who, in their professions of protecting life and property, necessarily endanger their safety do not assume the risk of all injury without recourse against others. Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133, 141 (1971).
A professional rescuer may recover for an injury caused by a risk which is independent of the emergency or problem he has assumed the duty to remedy. Langlois v. Allied Chemical Corporation, 249 So.2d at 141; Raziano v. Lincoln Property Company, 520 So.2d 1213, 1217 (La.App. 5th Cir.1988). A risk is independent of the task, and the assumption of the risk rationale does not bar recovery, if the risk-generating object could pose the risk to the rescuer in the absence of the emergency or specific problem undertaken. Worley, supra.
On the other hand, "dependent" risks arise from the very emergency that the professional rescuer was hired to remedy. The assumption rationale bars recovery from most dependent risks except when (1) the dependent risks encountered by the professional rescuers are so extraordinary that it cannot be said that the parties intended the rescuers to assume them, Chinigo v. Geismar Marine, Inc., 512 So.2d 487, 491 (La.App. 1st Cir.), writ denied, 514 So.2d 457 (La.1987), or (2) the conduct of the defendant may be so blameworthy that tort recovery should be imposed for the purposes of punishment or deterrence. Worley, supra; Sayes v. Pilgrim Manor Nursing Home, Inc., 536 So.2d 705, 710 (La.App. 3d Cir.1988); Thompson v. Warehouse Corporation of America, Inc., 337 So.2d 572, 573 (La.App. 4th Cir.1976). Under the second exception to the professional rescuer's doctrine, the court in Sayes, supra found that in order to allow a professional rescuer recovery, the defendant's actions or lack of actions *314 have to rise to the level of "recklessness or wanton negligence."
In Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216, 219-220, our supreme court reviewed numerous definitions of gross negligence, stating:
Louisiana courts have frequently addressed the concept of gross negligence. Gross negligence has been defined as the "want of even slightcare and diligence" and the "want of that diligence which even careless men are accustomed to exercise." State v. Vinzant, 200 La. 301, 7 So.2d 917 (La.1942). Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Hendry Corp. v. Aircraft Rescue Vessels, 113 F.Supp. 198 (E.D.La.1953) (applying Louisiana law)
. . .
Based on the various definitions of gross negligence as cited by our supreme court in Ambrose, supra, the court in Mullins v. State Farm Fire and Cas. Co., 96-CA-0629 (La.App. 1st Cir.6/27/97), 697 So.2d 750, stated that the difference between ordinary negligence and gross negligence is the level or degree of lack of care shown by the offending party. To amount to gross negligence, the conduct of the offender must not only show a lack of care, it must show an "entire," "utter," "complete," or "extreme" lack of care. Mullins, supra.
A trial court's finding of gross negligence is a factual finding which will not be disturbed on appeal in the absence of manifest error. Williams v. State, Department of Wildlife and Fisheries, 95-2456 (La.App. 1st Cir. 11/20/96), 684 So.2d 1018, 1023; writ denied, 96-3069 (La.3/7/97), 689 So.2d 1372. To reverse a trial court's factual finding, an appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
First, we believe that in the instant case, the harm caused was not within the scope of the protection afforded by any allegedly breached duty. In other words, it cannot be said that there exists an "ease of association" between the duty not to precipitate a vehicular accident due to fatigue and the risk of potential harm to a rescuer from defectively designed extrication equipment. As such, we agree with the trial court's finding that there is only a remote and tenuous ease of association between Ms. Wilson's conduct and the risk to the rescuing fireman because of defectively designed extrication equipment. According to the trial court's ruling, with which we agree, Ms. Wilson and her liability insurer cannot be held responsible for every remote negligent act. In this case, Ms. Wilson's negligence was remote when considered in comparison to the intervening act of the faulty design and/or manufacture of the emergency equipment.
Second, the trial court found that the professional rescuer's doctrine applies under these facts and bars recovery. In its written ruling on the exception and motion, the trial court stated:
Ms. Wilson's negligence was ordinary, and not gross or wanton. It was a form of negligence which is not unusual and occurs periodically. It was not so blameworthy that tort recovery should be imposed for punishment or deterrence purposes. Further, the risk that the emergency equipment would be defective was not independent of the emergency. It was directly linked to the emergency.
We agree that, as a firefighter, Donnie Holloway does fall into the category of "professional rescuers" according to the professional rescuer doctrine. However, we believe, as did the trial court, that he is barred from recovery because the *315 evidence fails to reveal facts that would place him within one of the exceptions for which recovery is allowed. Clearly, operating a vehicle in an excessively fatigued state, as Ms. Wilson did in the instant case, constitutes a negligent act. However, we believe that such actions taken, without more, amount to ordinary negligence, rather than gross negligence. Based on the record, we find that the trial court was correct in granting the defendants' exception of no cause of action. This assignment of error lacks merit.

Motion for Summary Judgment
By their second assignment of error, the appellants allege that the trial court erred in granting the motion for summary judgment filed by State Farm Mutual Automobile Insurance Company wherein State Farm argued that appellants' claims did not satisfy the "arising out of the ownership, maintenance, or use of under insured motor vehicle" provision of its uninsured motorist policy. Appellants argue that in applying the arising out of use limitation, the court must determine whether the conduct of Ms. Wilson running her vehicle off of the road is a legal cause of Donnie Holloway's injury, and then determine whether running the vehicle off of the road is "use" of the vehicle. In essence, appellants allege that by running her vehicle off of the road and, thereby, causing the rescue efforts to take place, Ms. Wilson is liable for precipitating the need for rescue services in the first place.
Summary judgments are subject to a de novo review under the same criteria applicable to the district court's considerations of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment should be granted if the pleadings, deposition, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Mixon v. Progressive Specialty Co., 29,698 (La.App. 2nd Cir. 6/18/97), 697 So.2d 662.
Where the moving party will not bear the burden of proof at trial on the matter before the court on summary judgment, La. C.C.P. art. 966 requires only that the moving party point out that there is an absence of factual support for one or more of the essential elements to the adverse party's claim, action, or defense. If the nonmoving party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Berzas v. OXY USA, Inc., 29,835 (La.App. 2nd Cir. 9/24/97), 699 So.2d 1149.
Further, La. C.C.P. art. 967 provides that when a motion for summary judgment is made and supported as provided above, an adverse party may not rest on his pleadings, but his responses, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La. 1982), the Louisiana Supreme Court provided a two-prong test to be used in analyzing whether conduct arises out of the use of an automobile under an automobile liability policy. The court stated that the proper analysis was to consider two separate questions:
(1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
The court held that coverage would exist under an automobile liability policy if both of these questions were answered affirmatively. Furthermore, the court held that *316 in order for the conduct to arise out of use, the automobile must be essential to the theory of liability; the specific duty breached by the insured must flow from use of the automobile. If the duty existed independently of the automobile, then liability does not arise out of use even though the duty could have been discharged by the use of an automobile. See Carter v. City Parish Government of East Baton Rouge, supra; Picou v. Ferrara, 412 So.2d 1297 (La.1982); Jones v. Louisiana Timber Co., Inc., 519 So.2d 333 (La.App. 2d Cir.1988).
With regard to the first part of the analysis, we have already determined that Ms. Wilson did not have a duty to protect against the particular risk involved by her actions. Again, we believe that there was only a remote and tenuous ease of association between Ms. Wilson's conduct and the risk to the rescuing fireman because of defectively designed extrication equipment. Thus, we find that Ms. Wilson's conduct did not constitute a legal cause of plaintiff's injuries.
Since the Carter test requires an affirmative response to both of its inquiries in order to determine whether the automobile use exclusion is applicable, we pretermit further discussion of this matter. In the instant case, under the analysis mandated by the jurisprudence to determine whether State Farm's motor vehicle use exclusion applies, we find as a matter of law that the accident did not arise out of the use of a motor vehicle. Therefore, we find that the trial court correctly granted summary judgment in favor of the appellees. This assignment of error also lacks merit.

CONCLUSION
For the reasons just discussed, we hereby affirm the decision of the trial court and assign all costs to the appellants.
AFFIRMED.