It BROWN, J.,
dissenting.'
As noted by the supreme court in Roberts v. Benoit, 605 So.2d 1032, 1044 (La.1992) (on rehearing), there is no “rule” for determining legal cause or the scope of the duty; this inquiry is fact sensitive and ultimately turns on a question of policy as to how far afield coverage should be extended. The inquiry focuses on the ease of association between plaintiffs’ harm and defendants’ conduct. The ease of association inquiry encompasses the idea of foreseeability, but is not, based on that factor alone. Id.; Holloway v. Midland Risk Insurance Co., 83-026 (La.App.2d Cir.05/15/00), 759 So.2d 309.
I differ with the majority’s narrow reading of the factually similar case of Minvielle v. Lewis, 610 So.2d 942 (La.App. 1st Cir.1992). In Minvielle, supra at 944-945 the court stated:
The defendants do not deny that the Lewis vehicle crossed the Interstate median and struck the Kincaid car. Defendants claim that the injuries to plaintiffs ankle [plaintiff was a passenger in the Kincaid car] did not. result from this accident but were caused after the accident when plaintiff fell on the deteriorated paved shoulder of the Interstate ...
... The action of the plaintiff in proceeding from the car in which he was riding back to the scene of the accident to see who and what was involved in the accident would be a reasonably foreseeable activity involved in the occurrence of an automobile accident on an interstate highway. ,
The First Circuit clearly found that the action of the plaintiff in getting out of the car in which he was riding to go back to the scene of the accident was a reasonably foreseeable activity involved in the occurrence of an automobile accident on an interstate highway. As noted above, foreseeability is but one aspect of a determination of legal cause.
Li would find that the legal duty owed by the young drivers to Danna encompassed the risk of injury encountered by Danna as she went to the assistance of her friends in the other vehicle. It is reasonable and foreseeable that, following a motor vehicle accident, an uninjured person would get out of the vehicle in which she had been a passenger and go to the aid of persons in the other automobile, particularly when this second vehicle, containing friends of the guest passenger, ended up in a ditch. It is also foreseeable that a person in this situation would return to the vehicle in which she had been riding to ascertain whether anyone had used the cell phone to call for help before going back to the ditched vehicle to aid anyone needing assistance, especially when the driver of that vehicle stated that she was unsure of the extent of her injuries.
I emphasize that this case is before this court on a grant of summary judgment on the narrow issue of legal cause. Therefore, a finding of legal causation between the alleged negligence of either or both drivers and Danna’s injuries is by no means dispositive of the ultimate issue of liability, keeping in mind that defendants have asserted the affirmative defense of plaintiff fault. To describe Danna’s actions as “curious onlooking” is disingenu *1249 ous and unsupported; her conduct goes to the question of plaintiff fault.