IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31026
Summary Calendar

MARION PRESTON GALLUP, Individually and on
behalf of his minor children Alice Christine Gallup
and Rebecca Ann Gallup; BETTY R. GALLUP

Plaintiffs-Appellants,

versus

EXXON CORP.; WILLIAM SENN; RONNIE LOGAN;
JERRY DRAFT; JOHN DOE,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
(95-CV-722)

February 19, 2003
Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marion Preston Gallup, a Baton Rouge, Louisiana, firefighter
and hazardous materials officer, appeals the summary judgment
awarded defendants Exxon *et al*. in this personal injury action.
Gallup alleges he was injured 8 August 1994 when he responded to a
fire at an Exxon chemical plant and seeks recovery under Louisiana
tort law for chemical exposure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gallup contends: (1) "the fireman's rule" does not apply in Louisiana, so summary judgment on that ground was improper; and (2) even if the rule applies, it does not apply to a risk involving hazardous chemicals, and the summary judgment evidence would allow a jury to infer gross negligence.

A summary judgment is reviewed *de novo*. *E.g., **Starkman v. Evans***, 198 F.3d 173, 174 (5th Cir. 1999), *cert. denied*, 531 U.S. 814 (2000). It is proper when, drawing all justifiable inferences in favor of the non-movant, the movant nonetheless demonstrates: there is no genuine issue of material fact; and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 247 (1986).

The professional rescuer doctrine, the fireman's rule, is a common law rule that either bars recovery by a professional rescuer injured in responding to an emergency or requires the rescuer to prove a higher degree of culpability in order to recover. *See, e.g., **Mullins v. State Farm Fire & Casualty Co.***, 697 So.2d 750, 752 (La. App. 1997). Gallup has cited no authority which supports his contention that this doctrine has been abrogated in Louisiana, and there is no merit to this contention. Louisiana courts continue to apply the doctrine. *E.g.* ***Meunier v. Pizzo***, 696 So.2d 610 (La. App.), *cert. denied,* 703 So.2d 27 (La. 1997). *See also **Holloway v. Midland Risk Ins. Co.***, 759 So.2d 309 (La. App. 2000); ***Bell v. Whitten***, 722 So.2d 1057, 1063-64 (La. App. 1998); ***Richter v.***

2

*Provence Royal St. Co. LLC,* 700 So.2d 1180 (La. App. 1997).

Louisiana recognizes two exceptions to the professional rescuer's doctrine: (1) injuries caused by a risk independent of the emergency or problem the rescuer assumed the duty to remedy; and (2) injuries caused by a defendant's gross or wanton negligence. *Meunier*, 696 So.2d at 613. Gallup's alleged injuries do not qualify for either exception.

First, Gallup contends he may recover because he encountered hazardous chemicals: the undisputed material facts demonstrate that this risk was not independent from that created by his responding to the chemical fire. Second, he contends that Exxon was grossly negligent: the summary judgment record, including the evidence regarding the valve change, simply does not support such a finding.

*AFFIRMED*

3