PETTIGREW, J.
 

 |2This is an action for personal injuries sustained by an animal control officer who was mauled by defendants’ dog while investigating a complaint of an attack by the dog the day before. Following the trial court’s grant of plaintiffs motion for a
 
 *216
 
 partial summary judgment as to the liability of the dog’s owners, the dog’s owners have appealed. For the reasons that follow, we reverse in part, affirm in part, and remand.
 

 FACTS
 

 On or about March 20, 2006, plaintiff, Iberville Parish Animal Control Officer Toni Gonzales, was attacked repeatedly by a 100-pound German shepard owned by defendants, John Q. Kissner, Jr. and his wife, Elena Kissner, at the Kissner residence,
 
 [1]
 
 located at 7095 Bayou Paul Road in St. Gabriel, Louisiana. Ms. Gonzales had gone to the Kissner residence on the aforementioned date in the course of her employment to investigate a complaint that a 13-year-old boy had been bitten by the Kissners’ dog the day before.
 

 Upon Ms. Gonzales’ arrival at the Kiss-ner home, Elena Kissner came outside via the back door, leaving the dog in the kitchen. As the two women began talking alongside Ms. Gonzales’ truck, the dog managed to escape from the house after apparently forcing open the back door. The dog lunged at Ms. Gonzales and began to maul her about the head, face, and neck. Grabbing the dog’s collar, Elena Kissner was able to physically pull the dog off of Ms. Gonzales. The dog thereafter forcibly extricated itself from its collar and began to chase Ms. Gonzales around her truck, attacking her from behind and knocking her to the ground. Only by thrusting her elbow into the dog’s mouth was Ms. Gonzales able to ward off further attacks until Elena Kissner could restrain the dog. After the arrival of emergency response personnel, the dog was put down by Mr. Kissner.
 

 PACTION OF THE TRIAL COURT
 

 On September 8, 2006, Ms. Gonzales instituted the instant suit for damages and named John and Elena Kissner together with their homeowner’s insurer, Safeco Insurance Company of America (“Safeco”), as defendants therein.
 
 [2]
 
 The Iberville Parish Council (“Parish”) thereafter intervened in this action, seeking to recover wages, disability benefits, medical benefits, and mileage expenses that it paid to or on behalf of Ms. Gonzales. On July 19, 2007, Ms. Gonzales filed a First Amended and Supplemental Petition and named John Kissner’s mother, Catherine Kissner (“Mrs. Kissner”), as an additional defendant. Ms. Gonzales alleged Mrs. Kissner was the owner of the home occupied by John and Elena Kissner where the attacks occurred.
 

 On October 29, 2007, Ms. Gonzales filed a Motion for Partial Summary Judgment against all defendants asserting there existed no genuine issues of material fact regarding the factual circumstances of the dog attack, and therefore she is entitled to summary judgment finding defendants strictly liable for the injuries she sustained as a result of said incident. After several continuances, Ms. Gonzales and defendants agreed on April 25, 2008, to dispense with oral argument and submit Ms. Gonzales’ motion for partial summary judgment solely on memoranda thereby allowing the court to take the matter under immediate advisement.
 

 
 *217
 
 The trial court, several days later, on April 29, 2008, rendered and signed a judgment, or what it captioned a “Ruling of the Court,” granting Ms. Gonzales’ motion for a partial summary judgment “for the reasons stated in the Plaintiffs memorandum, adopted by this Court as its own.” The trial court further certified its “judgment” as final. Thereafter, on May 13, 2008, defendants, John Kissner, Elena Kissner, and Mrs. Kissner, filed a motion for new trial asserting primarily that Mrs. Kissner, as the owner of the property, was not the owner of the dog, nor did she have knowledge of the dog’s propensity for aggression or have any control over the dog. Following a hearing, the trial |4court signed a judgment on August 5, 2008, recalling and setting aside its earlier partial summary judgment against Mrs. Kissner but denying reconsideration of the partial summary judgment previously rendered against John and Elena Kissner. From this judgment, John and Elena Kissner appealed to this court.
 

 This court,
 
 ex proprio motu,
 
 examined the record in this matter and found the trial court’s “April 29, 2008 judgment lack[ed] sufficient decretal language specifying what relief has been awarded in the granting of the partial summary judgment.” Accordingly, this court, on November 13, 2008, issued a rule to show cause by briefs as to why the appeal should not be dismissed.
 

 In response to the rule to show cause issued by the appellate court, the trial court thereafter signed a new judgment on February 19, 2009, which read in part, “IT IS ORDERED, ADJUDGED AND DECREED that the Partial Summary Judgment is granted in favor plaintiff [sic], Toni Gonzales, and against John Q. Kissner, Elena Kissner, Cathrine [sic] Kissner, on the question of liability.” Accordingly, and in light of the corrected judgment, a panel of this court, on March 23, 2009, maintained the appeal in this matter.
 

 ERRORS ASSIGNED ON APPEAL
 

 In connection with their appeal in this matter, John and Elena Kissner urge the trial court erred with respect to the following:
 

 1. [I]n determining there was no material issue of fact in granting a partial summary judgment;
 

 2. [I]n failing to apply the professional rescuers’ doctrine; and
 

 3. [I]n failing to take into consideration the assumption of risk and comparative negligence.
 

 STANDARD OF REVIEW
 

 A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact.
 
 Johnson v. Evan Hall Sugar Co-op, Inc.,
 
 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. Art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, |sand inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2);
 
 Thomas v. Fina Oil and Chemical Co.,
 
 2002-0338, pp. 4-5 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
 

 On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or
 
 *218
 
 defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. Code Civ. P. art. 966(C)(2);
 
 Robles v. Exxonmobile,
 
 2002-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
 

 In determining whether summary judgment is appropriate, appellate courts review evidence
 
 de novo
 
 under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate.
 
 Allen v. State ex rel. Ernest N. Mortal New Orleans Exhibition Hall Authority,
 
 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case.
 
 Foreman v. Danos and Curole Marine Contractors, Inc.,
 
 97-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4,
 
 writ denied,
 
 98-2703 (La.12/18/98), 734 So.2d 637.
 

 ANALYSIS AND LAW
 

 In the instant case, defendants, John and Elena Kissner, raise several issues that they claim preclude the granting of a motion for summary judgment. The first error assigned by John and Elena Kissner is that the trial court erred in ruling there existed no issue of material fact that would prevent the grant of summary judgment.
 

 | fiThe law governing claims for damages caused by animals is La. Civ.Code art. 2321, which provides:
 

 Art. 2321. Damage caused by animals
 

 The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal’s behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person’s provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
 

 The foregoing article was revised by the legislature in 1996. The Louisiana Supreme Court, in discussing the effect of the legislative revisions, noted in
 
 Pepper v. Triplet,
 
 03-0619, p. 1 (La.1/21/04), 864 So.2d 181, 184:
 

 While the legislature may have generally eliminated strict liability for owners of animals, it specifically continued strict liability for owners of dogs. In this process however, the legislature limited the scope of that strict liability to situations in which (1) the dog owner could have prevented the injury and (2) the injury did not result from the provocation of the dog by the injured party.
 

 In its opinion in
 
 Pepper,
 
 our supreme court further stated, “We hold that, to establish that the owner could have prevented the injuries under Article 2321, the plaintiff must show the dog presented an unreasonable risk of harm.”
 
 Pepper,
 
 03-0619, p. 2, 864 So.2d at 184. The criterion for determining whether a defendant has created or maintained an unreasonable
 
 *219
 
 risk of harm is a balancing of claims and interest, a weighing of the risk and gravity of harm, and a consideration of individual and societal rights and obligations.
 
 Thibodeaux v. Krouse,
 
 07-2557, p. 4 (La.App. 1 Cir. 6/6/08), 991 So.2d 1126, 1129,
 
 citing Pepper,
 
 08-0619 at 21, 864 So.2d at 195-196. In deciding whether a risk is unreasonable, a judge is called upon to decide questions of social utility that require him to consider the particular case in terms of moral, social and economic considerations, in the same way that the legislator finds the standards or patterns of utility and morals in the life of the community.
 
 Id.
 

 |7This case presents no genuine issue of material facts as to how the accident occurred. It is undisputed that Ms. Gonzales, an animal control officer, arrived at the home of John and Elena Kissner to investigate a complaint that a child had been bitten by the Kissners’ dog the day before. Upon learning of Ms. Gonzales’ arrival at her home, Elena Kissner left the dog in the kitchen, and walked outside, closing the door behind her. As the two women spoke outside in the driveway, the dog escaped from the confines of the house and, without provocation or warning, mauled Ms. Gonzales.
 

 It is evident from the record that Ms. Gonzales did nothing to provoke an attack by the dog. Given the fact that John and Elena Kissner had knowledge of not only the dog’s recent propensity for aggression, but also that it had inexplicably escaped from their home on two prior occasions, the attack on Ms. Gonzales could have easily been prevented had Elena Kissner simply locked the door to the house behind her. On this reasonable minds could not conclude otherwise. This assignment is without merit.
 

 Professional Rescuer’s Doctrine
 

 The second error assigned by defendants, John and Elena Kissner, is that in holding them liable to Ms. Gonzales for the attacks made by their dog, the trial court failed to apply the professional rescuer’s doctrine.
 

 The Professional Rescuer’s Doctrine, sometimes referred to as the “fireman’s rule,” is a jurisprudential rule that essentially states, a professional rescuer injured in the performance of his professional duties “assumes the risk” of such an injury and is not entitled to damages.
 
 See, Mullins v. State Farm Fire and Casualty Co.,
 
 96-0629, p. 3 (La.App. 1 Cir. 6/27/97), 697 So.2d 750, 752. However, firemen, police officers, and others who, in their professions of protecting life and property, necessarily endanger their safety; however, do not assume the risk of
 
 all
 
 injury without recourse against others.
 
 Id. citing Langlois v. Allied Chemical Corporation,
 
 258 La. 1067, 249 So.2d 133, 141 (1971)(superseded by statute). Louisiana courts have recognized two exceptions.
 

 A professional rescuer may recover for an injury caused by a risk that is independent of the emergency or problem he has assumed the duty to remedy.
 
 Chinigo v. Geismar Marine, Inc.,
 
 512 So.2d 487, 490 (La.App. 1 Cir.),
 
 writs denied,
 
 514 So.2d 457 (La.1987). A risk is independent of the task, if the risk-generating object could pose the risk to the rescuer in the absence of the emergency or specific problem undertaken.
 
 See, Worley v. Winston,
 
 550 So.2d 694, 697 (La.App. 2 Cir.),
 
 writ denied,
 
 551 So.2d 1342 (La.1989).
 

 On the other hand, a “dependent” risk arises from the very emergency that the rescuer was hired to remedy.
 
 Henry v. Barlow,
 
 04-1657, p. 8 (La.App. 3 Cir. 5/4/05), 901 So.2d 1207, 1213. The assumption rationale bars recovery from most dependent risks except when: (1) the dependent risks encountered by the professional rescuer are so extraordinary that
 
 *220
 
 it cannot be said that the parties intended the rescuers to assume them; or (2) the conduct of the defendant may be so blameworthy that tort recovery should be imposed for the purposes of punishment or deterrence.
 
 Gann v. Matthews,
 
 03-0640, p. 6 (La.App. 1 Cir. 2/23/04), 873 So.2d 701, 705,
 
 citing Mullins,
 
 96-0629 pp. 3-4, 697 So.2d at 752-53.
 

 Assuming for purposes of argument that the duties of an animal control officer, such as the plaintiff in the present case, fall within the ambit of a professional rescuer,
 
 [3]
 
 it could be further argued animal control officers are hired to protect the public from harm occasioned by animals. As part of their duties, animal control officers are expected to investigate complaints by the public and also take control of animals causing injuries to people. Animal control officers could reasonably expect in the course of apprehending a dangerous animal that the animal would respond aggressively. Accordingly, the risk of being bitten while apprehending a dangerous animal is a dependent risk, arising out of the specific problem which the animal control officer was hired to remedy. Therefore, in order for an animal control officer to recover for injuries received while attempting to apprehend a dangerous animal, the risks created by the conduct of the animal or its owner, who is vicariously hable, must either be so extraordinary that it cannot be said that the parties intended the animal control officer to assume such risks, or so blameworthy 19that tort recovery should be imposed for purposes of punishment or deterrence.
 
 See, Gann,
 
 03-0640, at 6-7, 873 So.2d at 705-06,
 
 citing Worley v. Winston,
 
 550 So.2d 694 (La.App. 2 Cir.),
 
 writ denied,
 
 551 So.2d 1342 (La.1989).
 

 In the case presently before us, Elena Kissner testified in her deposition that upon learning of Ms. Gonzales’ arrival at her home, she left the dog in the kitchen and walked outside, closing the door behind her. Elena Kissner also conceded that she and her husband never locked their home even though the dog had inexplicably escaped on two prior occasions. As the two women spoke outside in the driveway, the dog escaped from the confines of the house and, without provocation or warning, mauled Ms. Gonzales. In view of the fact the dog had similarly attacked a neighbor’s child the day before, it is our belief Ms. Gonzales had every reason to expect the dog to be restrained. It is the opinion of this court that Elena Kissner’s failure to properly confine or restrain their dog and/or lock their home despite knowledge of the dog’s dangerous propensities, coupled with their knowledge that the dog had escaped from their house on two previous occasions, constitutes conduct so blameworthy that tort recovery should be allowed under these facts as a punishment or deterrence. Therefore, we hold that under the facts presented in this case, Ms. Gonzales’ recovery for injuries sustained in this manner is not barred by the Professional Rescuer’s Doctrine. This assignment is also without merit.
 

 The third and final assignment raised by John and Elena Kissner is that the trial court erred in failing to apply the doctrines of assumption of risk and comparative negligence. Based upon our review of the record in this matter, and our holdings above, we can find no basis for application of said doctrines and, accordingly, decline to do so. This assignment is similarly without merit.
 

 
 *221
 
 CONCLUSION
 

 Thus, based upon the record before this court, we find no error on the part of the trial court that would warrant reversal of Ms. Gonzales’ motion for a partial summary judgment as to the liability of the dog’s owners, John and Elena Kissner. We note however that the trial court’s revised judgment of February 19, 2009, mistakenly granted a partial summary judgment as to the concurrent liability of the property owner defendant | K)Catherine Kissner. Accordingly, the trial court’s judgment of February 19, 2009, is reversed as to the liability of defendant Catherine Kissner, and affirmed in all other respects. This matter is hereafter remanded to the trial court for further proceedings consistent with this opinion. All costs associated with this appeal shall be assessed against defendants John and Elena Kissner.
 

 REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
 

 [1]
 

 . The record reflects that the residence occupied by defendants John and Elena Kissner at the time of this incident was owned by John Kissner's mother, defendant Catherine Kiss-ner, and in lieu of rent, John and Elena Kiss-ner were attempting to make the monthly mortgage payments.
 

 [2]
 

 . Ms. Gonzales and the Parish later dismissed their claims against Safeco, without prejudice and at their respective costs, on August 8, 2007.
 

 [3]
 

 . It should be noted that this court does not specifically hold that the Professional Rescuer's Doctrine can be extended to cover animal control officers; this court is merely addressing the issues raised by the appellants in this case.