873 So.2d 701 (2004)
Brenda Gann and Robert GANN
v.
Tammie L. MATTHEWS, Terrance D. Matthews and Allstate Insurance Company.
No. 2003 CA 0640.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
*703 Joseph C. Possa, Baton Rouge, Counsel for Plaintiff/Appellee Brenda Gann and Robert Gann.
Donald R. Smith, Craig J. Fontenot, Baton Rouge, Counsel for Defendant/Appellee Tammie Matthews.
Joseph W. Mengis, Baton Rouge, Counsel for Defendant/Appellant Allstate Insurance Company.
Melissa Richard, David D. Forrester, Baton Rouge, Counsel for Defendant/Appellant Terrance Matthews.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
GAIDRY, J.
In this case involving injuries sustained by a police officer while attempting to handcuff an arrestee, the trial court awarded damages to the plaintiffs for these injuries and defendants appealed. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
On June 28, 1998, Officer Brenda Gann responded to a call regarding a disturbance at the home of Tammie Matthews. Tammie Matthews had previously obtained a restraining order against her estranged husband, Terrance Matthews, giving her temporary use of the family home and ordering Terrance to stay away from her. On the night of June 28, Tammie called the police after Terrance came to the family home and slashed the tires on Tammie's car and broke windows on the house. Officer Gann arrived at the scene as Terrance was backing out of the driveway. Officer Gann blocked him in and turned on her lights and Terrance parked his car. Terrance then exited the car from the passenger side, holding a young child. Officer Gann had been out to the Matthews' residence before, and was aware of other officers going out for similar domestic disturbances. She testified that Terrance was always drunk, and that was what usually caused the disturbance. Officer Gann testified that Terrance's speech was very slurred, he was staggering, and when she got closer to him, she noticed a strong odor of alcohol. He told Officer Gann to back off because he might have a gun, and Officer Gann drew her own weapon. Mr. Matthews then reached behind his back and pulled out a box cutter. Officer Gann ordered him to drop the box cutter, and he cooperated by tossing the box cutter onto the back of Tammie's car. Officer Gann then ordered him to let go of the child and to put his hands on the car. He did not comply right away, but Officer Gann could see that he didn't have anything else in his hands, so she holstered her weapon and grabbed him by the back of the pants and pulled the child away from him. At this point, she attempted to handcuff him and was holding him by his right arm. She testified that Terrance was facing the *704 car and was not resisting, but did not put his hands behind his back. She decided to try a distractionary technique called a common peroneal strike, which would momentarily stun Terrance so that she could handcuff him easily without fighting with him. To accomplish this surprise maneuver, she stood behind Terrance and stepped back with her left leg and then attempted to hit Terrance above the back of the knee with her left knee. She was not directly behind Terrance as she needed to be to properly perform this maneuver, but instead was slightly to one side. Right before she made contact, Terrance, who had been staggering and unable to stand still, moved slightly, causing Officer Gann to strike her knee on the bumper of the car. Officer Gann testified that Terrance was drunk and "off balance" and had no idea that she was attempting to strike him from behind. She also testified that she did not expect a drunk person to stand perfectly still. Terrance was not charged with resisting arrest.
Officer Gann initially thought she had bruised her knee, but after experiencing increasing pain, she sought medical attention and it was ultimately determined that she had a deep hairline fracture that irritated the fat pad.
Officer Gann and her husband filed suit against Terrance Matthews, Tammie Matthews, and Allstate, both as Tammie's homeowners' insurer and her automobile insurer. Tammie Matthews was voluntarily dismissed during trial. After a bench trial before the Honorable Janice Clark, judgment was rendered in favor of the Ganns and against Terrance Matthews and Allstate in the amount of $38,180.19. In oral reasons for judgment issued May 2, 2002, Judge Clark stated:
The Court is of the opinion that the plaintiff has preponderated in that she was owed a duty and the duty was breached. Plaintiff in this matter was a uniformed police officer who used reasonable force to subdue and handcuff defendant Terrance Matthews who had previously been armed with a box cutter. The defendant was required by Louisiana to peaceably submit to the arrest of an officer. While trying to handcuff him, she injured her knee severely causing substantial damage.
Terrance Matthews and Allstate both filed suspensive appeals, asserting the following trial court errors:
Terrance Matthews Assignment of Error No. 1:
The trial court erred in finding liability on the part of Terrance Matthews.
Terrance Matthews Assignment of Error No. 2:
The trial court erred in failing to find the Professional Rescuer's Doctrine precluded plaintiff's recovery.
Terrance Matthews Assignment of Error No. 3:
The trial court erred in failing to assess plaintiff with comparative fault and reducing any damage award accordingly.
Terrance Matthews Assignment of Error No. 4:
The trial court erred in finding plaintiff was injured as a result of striking her knee on a car bumper and awarding damages.
Terrance Matthews Assignment of Error No. 5:
The trial court erred in allowing the introduction of medical expenses into evidence over objection, and in awarding medical expenses which were paid by plaintiff's worker's compensation carrier.
Terrance Matthews Assignment of Error No. 6:
The trial court erred in allowing the introduction of lost wages into evidence, *705 over objection, when plaintiff failed to plead that item of special damages and in awarding lost wages.
Terrance Matthews Assignment of Error No. 7:
The trial court erred in awarding $30,000.00 in general damages.
Allstate Assignment of Error No. 1:
The trial court's judgment against Allstate was clearly wrong and manifestly erroneous, as the Allstate policies at issue do not provide coverage in conjunction with the allegations of fault against Terrance Matthews.
Allstate Assignment of Error No. 2:
The trial court's determination that Terrance Matthews was solely responsible in conjunction with the plaintiff's injuries was clearly wrong and manifestly erroneous in light of the plaintiff's testimony and the Professional Rescuer's Doctrine.
Allstate Assignment of Error No. 3:
The trial court's award of general and special damages to the plaintiff was clearly wrong and manifestly erroneous in light of the evidentiary issues and the duration of the plaintiff's treatment and symptoms.
Allstate Assignment of Error No. 4:
The trial court erred in admitting and relying upon a number of plaintiff's exhibits which were not properly admissible.

DISCUSSION

Professional Rescuer's Doctrine
The trial court did not address the applicability of the Professional Rescuer's Doctrine. The Professional Rescuer's Doctrine is a jurisprudential rule that essentially states that a professional rescuer, such as a fireman or a policeman, who is injured in the performance of his duties, "assumes the risk" of such an injury and is not entitled to damages. Mullins v. State Farm Fire and Casualty Co., 96-0629 p. 3 (La.App. 1 Cir. 6/27/97), 697 So.2d 750, 752. However, firemen, police officers, and others who, in their professions of protecting life and property, necessarily endanger their safety do not assume the risk of all injury without recourse against others. Id.
A professional rescuer may recover for an injury caused by a risk that is independent of the emergency or problem he has assumed the risk to remedy. A risk is independent of the task, and the assumption of the risk rationale does not bar recovery, if the risk-generating object could pose the risk to the rescuer in the absence of the emergency or specific problem undertaken. On the other hand, "dependent" risks arise from the very emergency that the professional rescuer was hired to remedy. The assumption rationale bars recovery from most dependent risks except when (1) the dependent risks encountered by the professional rescuer are so extraordinary that it cannot be said that the parties intended the rescuers to assume them, or (2) the conduct of the defendant may be so blameworthy that tort recovery should be imposed for the purposes of punishment or deterrence. Mullins, 96-0629 pp. 3-4, 697 So.2d at 752-53.
Police officers are hired to protect others from criminal activities, are expected to effect arrests as part of their duties, and could expect a criminal to resist arrest. Accordingly, the risk of being injured while carrying out an arrest is a dependent risk, arising out of the specific problem which the police officer was hired to remedy. Therefore, in order for a police officer to recover for injuries received while attempting to arrest a criminal who is resisting, the risk created by the arrestee's conduct must either be so extraordinary that it cannot be said that *706 the parties intended the police officer to assume them, or the conduct of the arrestee in resisting must be so blameworthy that tort recovery should be imposed for purposes of punishment or deterrence. Worley v. Winston, 550 So.2d 694 (La.App. 2 Cir.), writ denied, 551 So.2d 1342 (La. 1989).
In Worley v. Winston, the plaintiff, a police officer, was injured when he and his partner attempted to arrest a "peeping torn." Plaintiff's partner approached defendant and shouted, "Police. Freeze." The defendant jumped up and ran away and climbed over a fence. Plaintiff joined the pursuit and eventually approached the defendant, identified himself as a police officer, and told him to stop twice. The defendant did not stop. Plaintiff began to struggle with defendant, and plaintiff's little finger and his watch were broken during the struggle. The court found that while the risk of being injured while effecting an arrest is a dependent risk, under the circumstances plaintiff should recover damages because defendant's conduct in resisting arrest was not only highly blameworthy, but also criminal.
In the present case, Officer Gann testified that although Terrance was not fully cooperative, he was not resisting arrest. Terrance was not charged with resisting arrest. Furthermore, Officer Gann was aware that Terrance was drunk and did not expect him to stand perfectly still. Therefore, his act in swaying or staggering while she attempted to perform a surprise knee strike from behind cannot be said to create such an extraordinary risk that she cannot expect to have encountered it, nor is it so blameworthy that tort recovery should be allowed as a punishment or deterrence. Therefore, recovery for these injuries is barred by the Professional Rescuer's Doctrine.
Based on our finding that Officer Gann's recovery is barred by the Professional Rescuer's Doctrine, we pretermit discussion of the remaining assignments of error.

CONCLUSION
For the above assigned reasons, the trial court judgment is reversed. Costs of this appeal are assessed to plaintiffs.
REVERSED.