# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-686


**DANNIE K. DAVIS, ET UX.**

**VERSUS**

**BURKE'S OUTLET STORES, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 246,952
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**


**Barry J. Heinen**
**A Professional Law Corporation**
**1502 W. University Avenue**
**Lafayette, LA 70506-3342**
**(337) 237-3550**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Dannie K. Davis**
     **Dee Robinette Davis**

**Lewis O. Lauve, Jr.**
**Bussey & Lauve, LLC**
**Post Office Drawer 8778**
**Alexandria, LA 71306-1778**
**(318) 449-1937**
**COUNSEL FOR INTERVENOR/APPELLANT:**
     **City of Alexandria**

**Brett M. Bollinger**
**L. Peter Englande, Jr.**
**Zaunbrecher Treadaway, L.L.C.**
**406 N. Florida Street, Suite 2**
**Covington, LA   70002**
**(985) 273-3123**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Hartford Fire Insurance Company**
    **Burke's Outlet Stores, LLC**

**AMY, Judge.**

The plaintiff, an Alexandria police officer, alleges that, after responding to a call at a local store about a matter of suspected shoplifting, he was injured when he crashed through a locked glass door while in pursuit of a suspect. The plaintiff and his wife sued the store, alleging that the store was negligent in locking the glass door. The store filed a motion for summary judgment, contending that the plaintiff, who was acting in his capacity as a police officer, was precluded from recovery under the professional rescuer's doctrine. The trial court granted the motion for summary judgment, dismissing the plaintiffs' claims. The plaintiffs and the intervenor appeal. For the following reasons, we reverse and remand.

## Factual and Procedural Background

The undisputed facts in the record indicate that the plaintiff, Dannie K. Davis, was employed as a police officer by the Alexandria Police Department. In in that capacity, he responded to a call concerning a suspected shoplifter at Burke's Outlet Stores, L.L.C. The record indicates that the store had a pair of glass ingress/egress doors and that the "right"-side door was locked, forcing pedestrian traffic to enter and exit through the "left"-side door. According to Officer Davis, after he confronted the suspect, she fled. While in pursuit, Officer Davis ran into the locked glass door, causing the glass to shatter. Officer Davis alleges that he suffered severe injuries as a result.

Thereafter, Officer Davis and his wife, Dee Robinette Davis, filed this suit against Burke's and its insurer, Hartford Fire Insurance Company, seeking damages they allege occurred as a result of the incident. The City of Alexandria intervened, seeking reimbursements of workers' compensation benefits and medical expenses paid to Officer Davis or on his behalf. Burke's filed a motion

for summary judgment, contending that Officer Davis' suit was precluded by the professional rescuer doctrine. After a hearing, the trial court granted the motion for summary judgment and dismissed the plaintiffs' claims.

The plaintiffs appeal, asserting that:

> 1. The trial court committed reversible error by granting defendant's motion for summary judgment in that there was a genuine issue of material fact for the fact finder to consider.

> 2. The trial court committed reversible error by not considering the affidavit of Mr. Phillip Beard, P.E., a licensed civil engineer, an expert in structural engineering, who verified that Burke's Outlet Store had violated the National Fire Prevention Life Safety Code (NFPA), which created a hazard at the store and as a result, there was a genuine use of fact whether the defendant owed a duty and/or whether there was a breach of that duty [sic].

> 3. The trial court committed reversible error, independent of the affidavit of Mr. Beard, in finding that the Professional Rescuer Doctrine bars recovery by officer Dannie Davis when the circumstances of the incident were clearly not barred because the actions of Dannie Davis were exceptions to the application of the Rescuer's Doctrine. A professional rescuer may recover for an injury caused by a risk which is independent of the emergency or problem he has assumed the duty to remedy. Alternatively, if the risk is a dependent risk, recovery is not allowed unless (A) the dependent's risks encountered by the professional rescuer are so extraordinary that it cannot be said that the parties intended the rescuer to assume them; or (B) the conduct of the defendant is so blameworthy that tort recovery should be imposed for the purpose of punishment or deterrence.

Additionally, the City of Alexandria has appealed, asserting that the trial court erred in determining that no genuine issues of material fact existed and in granting summary judgment in favor of the defendants.

### Discussion

*Evidentiary Issues*

The plaintiffs first assert that the trial court erred in refusing to consider one of their expert's affidavits. The trial court found that, because the expert did not

know when the Burke's building was constructed or remodeled and simply assumed which version of the National Fire Prevention Life Safety Code applied, that the affidavit was not based on personal knowledge and therefore could not be considered.

The trial court's determination whether to admit or exclude evidence will not be reversed absent an abuse of discretion. *Gutierrez v. Baldridge*, 10-1528 (La.App. 3 Cir. 5/11/11), 65 So.3d 251, *writ denied*, 11-1589 (La. 10/7/11), 71 So.3d 319. Pursuant to La.Code Civ.P. art. 967:

> A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

An expert's affidavit need not be based on personal knowledge and may be based on hearsay or other evidence that would be inadmissible at trial. *Thierry v. State Through Dept. of Health & Hosp. & Univ. Med. Ctr. of Lafayette*, 06-1133 (La.App. 3 Cir. 2/7/07), 948 So.2d 1200.

The plaintiffs offered the affidavit of Phillip Beard, P.E., in order to show that locking the ingress/egress door was a violation of the Life Safety Code. The defendants argued that Mr. Beard's affidavit was not competent evidence because Mr. Beard stated that he had no knowledge when Burke's building was constructed or remodeled and simply assumed that the 2003 version of the Life Safety Code applied.

3

Our review of the record shows that the affidavit was admitted into evidence. However, in granting the motion for summary judgment, the trial court stated that he could not consider Mr. Beard's affidavit because it must be based on personal knowledge. We conclude that the trial court erroneously determined that Mr. Beard's affidavit could not be considered as it was not based on personal knowledge.[1] However, although the trial court discounted his affidavit, the record reveals that Mr. Beard's affidavit was admitted into evidence. Because the appellate court reviews the grant of summary judgment de novo, including the evidence properly admitted into the record, and in light of our conclusions regarding the existence of a genuine issue of material fact, we find that any error concerning the trial court's refusal to consider Mr. Beard's affidavit was harmless.

*Summary Judgment*

The parties also complain that the trial court erred in granting summary judgment. Finding that genuine issues of material fact exist, we conclude that the trial court erred in granting the motion for summary judgment.

Summary judgment is favored in our law and is designed to secure the just, speedy and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2). A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue

---

[1] However, although *personal* knowledge is not required, La.Code Evid. art. 702 requires that the expert's testimony be "based on sufficient facts or data." In that vein, the trier of fact may reject an expert's opinion when it is "based upon assumed facts not supported by the record." *Ayres v. Beauregard Elec Coop, Inc.*, 94-811, p. 10 (La.App. 3 Cir. 9/6/95), 663 So.2d 127, 133, *writs denied*, 95-2432, 95-2434 (La. 12/15/95), 664 So.2d 455. *See also Guillory v. Ins. Co. of N. America*, 96-1084 (La. 4/8/97), 692 So.2d 1029. We observe that Mr. Beard's conclusion about the applicability of the Life Safety Code is based on assumptions about the date of construction or renovation of the Burke's building which are not contained in the record.

as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Although the burden of proof remains with the moving party,

> if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2). Additionally, pursuant to La.Code Civ.P. art. 967(B):

> When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

The appellate court reviews a grant of summary judgment de novo and applies the same standards as the trial court. *Gutierrez*, 65 So.3d 251. With regard to genuine issues of material fact, a genuine issue is one as to which reasonable persons could disagree. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Id.*

The parties do not address whether Officer Davis' claim falls under the general tort articles in the Civil Code or the merchant liability statute. However, under any of those theories, Officer and Mrs. Davis must satisfy their burden of proof with regard to the duty-risk analysis. *See Zacher v. Harrah's New Orleans Mgmt. Co.*, 13-1237 (La.App. 4 Cir. 2/12/14), 136 So.3d 132. We find that under

5

any of these provisions, a genuine issue of material fact remains.

Louisiana has adopted a "duty-risk" analysis for negligence claims, and, in order to prove a claim for general negligence, a plaintiff must prove all of the elements thereof. *Pitre v. La. Tech Univ.*, 95-1466, 95-1487 (La. 5/10/96), 673 So.2d 585, *cert. denied*, 117 S.Ct. 509, 519 U.S. 1007 (1996). The duty-risk analysis requires the plaintiff to prove 1) that the defendant had a duty to meet a certain standard of conduct; 2) that the defendant's conduct failed to meet that standard; 3) that the substandard conduct was a cause-in-fact of the plaintiff's injuries; 4) that the substandard conduct was the legal cause of the plaintiff's injuries; and 5) that the plaintiff suffered actual damages as a result of the breach. *Bonin v. Ferrellgas, Inc.*, 03-3024 (La. 7/2/04), 877 So.2d 89.

Whether a duty exists is a question of law for the court to determine, and whether that duty was breached is a question of fact. *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 4/5/13), 113 So.3d 175. Further, whether framed as "proximate cause," "legal cause," or "duty," the scope of the duty is a legal determination which concerns whether an enunciated rule or principle of law is intended to protect a particular plaintiff from a particular type of harm. *Henry v. Barlow*, 04-1657 (La.App. 3 Cir. 5/4/05), 901 So.2d 1207.

Whether a condition is unreasonably dangerous is a determination of whether the defendant breached a duty owed, which the factfinder must determine in light of the facts and circumstances of each particular case. *Broussard*, 113 So.3d 175. In making that determination, the factfinder should consider the utility of the complained-of condition; the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; the cost of preventing the harm; and the nature of the plaintiff's activities in terms of its social utility, i.e.,

whether or not it is dangerous by nature. *Id.* However, not every minor imperfection or variation constitutes an unreasonable risk of harm. *Id.*

Under any of these theories of liability, Burke's had a duty to keep its premises safe from unreasonable risks of harm and to warn its patrons of known dangers. *Pryor v. Iberia Parish Sch. Bd.*, 10-1683 (La. 3/15/11), 60 So.3d 594. *See also* La.R.S. 9:2800.6; La.Civ.Code art. 2317.1. In this case, the uncontested facts in the record show that Burke's locked one side of the double glass ingress/egress doors; that Officer Davis ran into those doors while chasing a suspect; and that he suffered injuries as a result. Having reviewed the record, we conclude that reasonable persons could disagree about whether Burke's actions in locking one side of the ingress/egress doors constituted an unreasonable risk of harm, and that, therefore, a genuine issue of material fact remains with regard to this element.

Further, we must also consider whether Burke's duty to keep its premises safe from unreasonable risks of harm and to warn its patrons of known dangers extended to Officer Davis and the manner in which he sustained his injuries. It is arguably foreseeable that a police officer responding to a business' report of shoplifting might become involved in some sort of altercation with the suspect, and that the responding officer might be injured by a condition which constitutes an unreasonable risk of harm. Thus, we cannot conclude as a matter of law that Officer Davis and Mrs. Davis would not be able to prove that the damages sustained were within the scope of the duty owed.

*Professional Rescuer Doctrine*

Having found that a genuine issue of material fact remains with regard to the the plaintiffs' underlying claims, we must consider whether the trial court erred in

determining that the professional rescuer doctrine precludes Officer Davis' recovery in this matter. The professional rescuer doctrine is a jurisprudential rule that provides that professional rescuers, such as firemen and policemen, assume the risk of injuries incurred in the performance of their duties and are not entitled to damages. *Henry*, 901 So.2d 1207. The doctrine addresses the risks included within the scope of the defendant's duty and to whom the duty is owed. *Holloway v. Midland Risk Ins. Co.*, 36,262 (La.App. 2 Cir. 10/30/02), 832 So.2d 1004, *writ denied*, 02-3247 (La. 3/23/03), 840 So.2d 571.

This prohibition is not, however, absolute—the courts have found that professional rescuers do not assume the risk of all injury without recourse and have recognized two exceptions. *Henry*, 901 So.2d 1207. The first exception provides that a professional rescuer may recover for injuries resulting from risks independent of the emergency or problem he or she has assumed the duty to remedy. *Henry*, 901 So.2d 1207. A risk is independent when the risk-generating object could pose a risk to the rescuer in the absence of the emergency or specific problem undertaken. *Gann v. Matthews*, 03-640 (La.App. 1 Cir. 2/23/04), 873 So.2d 701, *writ denied*, 04-761 (La. 6/18/04), 876 So.2d 804. The second exception applies to injuries that are the result of dependent risk, i.e., one which arises from the emergency that the rescuer was hired to remedy. *Gann*, 873 So.2d 701. This exception applies when the risk is either 1) "so extraordinary that it cannot be said that the parties intended for the rescuers to assume them[,]" or 2) that the defendant's conduct is "so blameworthy that tort recovery should be imposed for the purposes of punishment or deterrence." *Henry*, 901 So.2d at 1213 (quoting *Holloway v. Midland Risk Ins. Co.*, 33,026 (La.App. 2 Cir. 5/15/00), 759 So.2d 309).

8

Before addressing whether the mechanism of Officer Davis' injuries were a dependent or independent risk, we observe that under current Louisiana tort theory, the professional rescuer's doctrine addresses the risks included within the scope of the defendant's duty and to whom that duty is owed. *Henry*, 901 So.2d 1207 (quoting *Worley v. Winston*, 550 So.2d 694 (La.App. 2 Cir.), *writ denied*, 551 So.2d 1342 (La.1989)). In order to be entitled to summary judgment, a party must not only show that no genuine issue of material fact remains, but that he or she is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(2). Having found that this court was unable to determine, as a matter of law, whether Officer Davis' damages were within the scope of the duty owed by Burke's, we are similarly unable to find, as a matter of law, that the plaintiffs' claims would be barred by the professional rescuer doctrine.

Accordingly, we find that summary judgment is inappropriate and that the trial court erred in granting summary judgment in favor of Burke's.

## DECREE

For the foregoing reasons, the trial court's judgment granting Burke's Outlet Stores, L.L.C.'s motion for summary judgment and dismissing the plaintiffs claim is reversed and remanded for further proceedings. Costs of this appeal are assessed to the defendants, Burke's Outlet Stores, L.L.C. and Hartford Fire Insurance Company.

**REVERSED AND REMANDED.**